IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MANUEL AMILL CORREA-FIGUEROA, AS REPRESENTATIVE OF THE ESTATE OF AMIRA IVELISSE TORRES, AND AS REPRESENTATIVE OF THEIR MINOR CHILD AMINELLIS CAMILLE CORREA-TORRES**, <br><br>Plaintiffs, <br><br>v. <br><br>[1] HECTOR PESQUERA, SUPERINTENDENT THE PUERTO RICO POLICE DEPARTMENT; <br>[2] POLICE OFFICER JUAN SANTANA RODRIGUEZ (17317); <br>[3] POLICE OFFICER LUIS RIVERA IRIZARRY (31317); <br>[4] SARGEANT OSVALDO MORALES SANTIAGO (8-16149); <br>[5] POLICE OFFICER JESUS M. HERRERA-GOMEZ (17206); <br>[6] POLICE OFFICER WILFREDO RAMIREZ-ROSARIO (14664); <br>[7] POLICE OFFICER JOSE A. ARROYO-BAEZ (21066); <br>[8] POLICE OFFICER ANGEL GULFU; <br>[9] POLICE OFFICER BILL FERNANDEZ; AND <br>[10] JOHN DOES NO 1-3; <br><br>ALL IN THEIR PERSONAL AND INDIVIDUAL CAPACITIES. <br><br>Defendants. | **CIVIL NO. 12-1149 (DRD)** <br><br><br>**CIVIL RIGHTS COMPLAINT** <br>[42 U.S.C. § 1983] <br><br>**JURY TRIAL DEMANDED** |

## **AMENDED COMPLAINT**

Comes Now the Plaintiff and for their cause of action would state as follows:

### I. INTRODUCTION

This action is brought by the plaintiff Manuel Amill Correa-Figueroa, as representative of the estate of Amira Ivelisse Torres, and representative of their minor Child Aminellis Camille Correa-Torres. It arises under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; under federal law, specifically, 42 U.S.C. §§1983 and 1988; under the Commonwealth of Puerto Rico governmental tort liability statutes; Articles 1802 and 1803 of the Puerto Rico Civil Code, under Article 11 of the Constitution of Puerto Rico 1 Laws Puerto Rico Annotated §§ 10 and 11; and under Puerto Rico common law for intentional and/or negligent infliction of emotional distress, negligence, negligent supervision, gross negligence, assault, unreasonable use of lethal force, and civil conspiracy.

While the individual Defendants were acting within the scope of their employment and under color of state law, they made an unlawful arrest of the Plaintiff that resulted in unreasonable search and seizure and the unreasonable excessive use of lethal force against the Plaintiff. The Defendants' actions caused physical injuries to the Plaintiff that were the moving force behind the needless death of Amira Ivelisse. Action is also brought against the Puerto Rico Police Department and its supervisory defendants for their failure to properly train and supervise the individual Defendants in the proper use of force and techniques used to restrain a suspect, and its establishment of policies, procedures, practices, and customs regarding arrests that result in the excessive use of force.

## II. JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1332, and 13. Venue is properly set in the United States District Court for the District of Puerto Rico pursuant to 28 U.S.C. §1391. This Court's Jurisdiction to hear plaintiff's supplemental claims arises under 28 U.S.C. § 1367.

2. The causes of action alleged herein arise from factual allegations occurring in this judicial district.

3. On information and belief, it is alleged that each of the named Defendants resides in this judicial district.

4. Plaintiff resides in the Commonwealth of Puerto Rico.

## III. PARTIES

**A.  Plaintiff**

5. The estate of plaintiff Amira Ivelisse Torres and her minor child **AMIRA IVELISSE TORRES**, are represented by the child's father Mauel Arill Correa-Figueroa. They are all citizens and residents of Puerto Rico.

**B.  Defendants**

6. The Defendant, Hector Pesquera, is a citizen and resident of the Commonwealth of Puerto Rico and was at all times material to the allegations in this Complaint, acting in his capacity as the Superintendent of the Puerto Rico Police Department. He is responsible for the supervision and training of the Defendants. As the Chief of the Puerto Rico Police Department, he is further, responsible for making and/or implementing policies and practices used by law enforcement officers regarding arrests and the use of force. He is sued in his personal and individual capacity and was acting

under color of state law.

    7.    The Defendant, Juan Santana Rodriguez (17317);, is a citizen and resident of the Commonwealth of Puerto Rico, and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer of the Puerto Rico Police Department. He is sued in his personal and individual capacity and was acting under color of state law.

    8.    The Defendant, Luis Rivera Irizarry (31317), is a citizen and resident of the Commonwealth of Puerto Rico, and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer of the Puerto Rico Police Department. He is sued in his personal and individual capacity and was acting under color of state law.

    9.    The Defendant, Sgt. Osvaldo Morales Santiago (8-16149), is a citizen and resident of the Commonwealth of Puerto Rico, and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer of the Puerto Rico Police Department. He is sued in his personal and individual capacity and was acting under color of state law.

    10.    The Defendant, Jesus M. Herrera-Gomez (17206), is a citizen and resident of the Commonwealth of Puerto Rico, and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer of the Puerto Rico Police Department. He is sued in his personal and individual capacity and was acting under color of state law.

    11.    The Defendant, Wilfredo Ramirez-Rosario (14664), is a citizen and resident of the Commonwealth of Puerto Rico, and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer of the Puerto Rico Police Department. He is sued in his personal and individual capacity and was acting under color of state law.

    12.    The Defendant, Jose A. Arroyo-Baez (21066), is a citizen and resident of the

Commonwealth of Puerto Rico, and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer of the Puerto Rico Police Department. He is sued in his personal and individual capacity and was acting under color of state law.

13. The Defendant, Angel Gulfu, is a citizen and resident of the Commonwealth of Puerto Rico, and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer of the Puerto Rico Police Department. He is sued in his personal and individual capacity and was acting under color of state law.

14. The Defendant, Bill Fernandez, is a citizen and resident of the Commonwealth of Puerto Rico, and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer of the Puerto Rico Police Department. He is sued in his personal and individual capacity and was acting under color of state law.

15. At all time relevant herein, Defendants John Does No. 1-3 acted under color of State law, ordinances, statutes, regulations, and customs of the Commonwealth of Puerto Rico and its Police Department.

## IV. FACTS

16. On March 3, 2011, deceased Amira Ivelisse Torres ("Amira") received a call from John Doe No. 1 to coordinate the arrest of her fiancé Juan C. Lopez-Fontanez who was a fugitive of justice. Amira was instructed by John Doe 1 to lure the fugitive into driving his vehicle to State Road 705, in Talante Ward, Maunabo, Puerto Rico, where the defendants had collectively set up a road-block to forcibly stop and arrest the fugitive. Mr. Lopez agreed and drove his 1993 Nissan Sentra towards State Road 705 while Amira sat in the front passenger seat.

17. As Mr. Lopez approached a Bar "Jarda Arriba" in State Road 705, Mr. Rivera

notices the road block set by the Defendants, stopped and backed his vehicle up, turned the wheel of his vehicle to the left and began to flee the road block in his vehicle. As Mr. Torres began moving his vehicle, [ 2] POLICE OFFICER JUAN SANTANA RODRIGUEZ (17317); [3] POLICE OFFICER LUIS RIVERA IRIZARRY (31317); [4] SARGEANT OSVALDO MORALES SANTIAGO (8-16149); [5] POLICE OFFICER JESUS M. HERRERA-GOMEZ (17206); [6] POLICE OFFICER WILFREDO RAMIREZ-ROSARIO (14664); [7] POLICE OFFICER JOSE A. ARROYO-BAEZ (21066); [8] POLICE OFFICER ANGEL GULFU; [9] POLICE OFFICER BILL FERNANDEZ; [10] JOHN DOES NO. 2-3, maliciously and intentionally discharged their weapons at Mr. Rivera's vehicle. The gunfire missed the driver but hit the passenger Amira Ivelisse Torres whom later dies from her gunshot wounds.

18. The actions of the defendants described in the above paragraph were objectively unreasonable and constituted the use of excessive force in violation if the Fourth Amendment to the Constitution of the United States in that plaintiffs were unarmed and posed no imminent or immediate threat to the defendants or other members of the public at the time of the shooting.

19. As a direct and proximate result of gunshots fired at his vehicle, Mr. Lopez-Fontanez detained, abandoned his vehicle, and fled the scene.

20. Defendants [ 2] POLICE OFFICER JUAN SANTANA RODRIGUEZ (17317); [3] POLICE OFFICER LUIS RIVERA IRIZARRY (31317); [4] SARGEANT OSVALDO MORALES SANTIAGO (8-16149); [5] POLICE OFFICER JESUS M. HERRERA-GOMEZ (17206); [6] POLICE OFFICER WILFREDO RAMIREZ-ROSARIO (14664); [7] POLICE OFFICER JOSE A. ARROYO-BAEZ (21066); [8] POLICE OFFICER ANGEL GULFU; [9]

Page -7-

POLICE OFFICER BILL FERNANDEZ; [10] JOHN DOES NO. 1-3, had no adequate training regarding the arrest, search, or reasonable use of force.

21.     Each of the Defendants, individually, and in concert with the others, acted under color of law in his/their official capacity, to deprive Amira Ivellise Torres of her rights to freedom from illegal searches and seizure of their persons, papers, and effects and their rights to freedom from unlawful arrest, detention, and imprisonment. All of these rights are secured to Amira Ivelisse Torres by virtue of the Fourth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C. §§ 1983 and 1988.

22.     The Defendant, HECTOR PESQUERA failed to adequately supervise Defendants [ 2] POLICE OFFICER JUAN SANTANA RODRIGUEZ (17317); [3] POLICE OFFICER LUIS RIVERA IRIZARRY (31317); [4] SARGEANT OSVALDO MORALES SANTIAGO (8-16149); [5] POLICE OFFICER JESUS M. HERRERA-GOMEZ (17206); [6] POLICE OFFICER WILFREDO RAMIREZ-ROSARIO (14664); [7] POLICE OFFICER JOSE A. ARROYO-BAEZ (21066); [8] POLICE OFFICER ANGEL GULFU; [9] POLICE OFFICER BILL FERNANDEZ; AND [10] JOHN DOES NO. 2-3,.

23..     As a direct and proximate result of the acts and omissions of Defendants HECTOR PESQUERA, and his predecessors, and Defendants  2] POLICE OFFICER JUAN SANTANA RODRIGUEZ (17317); [3] POLICE OFFICER LUIS RIVERA IRIZARRY (31317); [4] SARGEANT OSVALDO MORALES SANTIAGO (8-16149); [5] POLICE OFFICER JESUS M. HERRERA-GOMEZ (17206); [6]  POLICE OFFICER WILFREDO RAMIREZ-ROSARIO (14664); [7]  POLICE OFFICER JOSE A. ARROYO-BAEZ (21066); [8] POLICE OFFICER ANGEL GULFU; [9] POLICE OFFICER BILL FERNANDEZ; AND [10] JOHN DOES NO. 2-3, Amira Ivelisse Tores' minor child Aminellis Camille Correa-Torres, has

Page -8-

suffered physical and mental pain and suffering for the lost of love, companionship, and protection, provided by her mother Amira Ivelisse Torres, both past and future; permanent injury and disability; and medical and psychological expenses, both past and future, and medical costs and funeral services for Amira Ivelisse Torres; severe emotional distress and mental anguish affecting their psychological well-being.

24. As a further direct and proximate result of the intentional and/or negligent acts of Defendants, Plaintiff Aminellis Camille Correa-Torres sustained severe mental and physical pain and suffering and injury in an amount that will be established at trial.

25. The Plaintiff is entitled to compensation for the constitutional harms that the Defendants inflicted upon Amira Ivelisse Torres, including personal injury, loss of liberty, and loss of property.

26. Plaintiffs are entitled to compensation pursuant to Puerto Rico §§ 10 and 11, and Article 1802 of the Puerto Rico Civil Code.

## CAUSES OF ACTION

### COUNT I

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983

### (General Allegations)

27. The Plaintiff realleges and incorporate herein by reference the allegations set forth in paragraphs 1-26 of this Complaint.

28. 24 In committing the acts complained of herein, Defendants acted under color of state law to deprive Amira Ivelisse Torres of certain constitutionally protected rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States including, but not limited to: a) the right to be free from unreasonable searches and

seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of life without due process of law; d) the right to be free from excessive use of force by persons acting under color of state law; e) the right to be free from false arrest; and f) the right to just compensation for taking of life or property.

29. 25 In violating Amira Ivelisse Torres' rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unauthorized, warrantless illegal stop, search, and seizure of Amira Ivelisse Torres. The illegal and warrantless arrest set into motion the chain of events that led to the use of excessive lethal force by Defendants and death of Amira Ivellisse Torres, in violation of Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

30. As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

31. The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT II

**Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**

**(Failure to Implement Appropriate Policies, Customs and Practices)**

32. Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1-31 of this Complaint.

33. Defendant Hector Pesquera, in his capacity as Chief of Police of the Puerto Rico Police Department, and John Doe No 1, a Police Lieutenant, and Sargeant Osvaldo Morales Santiago (8-16149), as a supervisory officials of the Puerto Rico Police, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, being deliberate indifferent to the rights of the plaintiff to be free from excessive force and unreasonable seizures under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

34. The failure of the Chief of Police, Hector Pesquera, and the Puerto Rico Police Department to adequately train and supervise the Defendants, amounts to deliberate indifference to the rights of the plaintiff to be free from excessive force and unreasonable seizures under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

35. As a result of this deliberate indifference to the plaintiff's rights, plaintiff suffered personal injuries entitled to relief under 42 U.S.C. §1983.

## COUNT III

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983

**(Use of Excessive Force)**

Plaintiffs reallege and incorporate herein by reference the allegations set fort in paragraphs 1-35 of this Complaint.

36. The Defendant, Hector Pesquera, and the Puerto Rico Police Department have adopted policies, procedures, practices or customs within the Police Department that allow, among other things, the use of excessive force when other more reasonable and less drastic methods are available.

Page -11-

37.    The actions of Defendant Hector Pesquera amount to deliberate indifference to the rights of the plaintiff to be free of excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

### PRAYER FOR RELIEF

**WHEREFORE**, the above premises considered, Plaintiff demand:

1.    That process issue to the Defendants and that they be required to answer in the time allowed by law;

2.    That judgment be rendered in favor of the Plaintiff against the Defendants, jointly and severally, on all causes of action asserted herein;

3    That Plaintiff Aminellis Camille Correa-Torres be awarded compensatory damages in the amount of $5,000,000.00 for her physical and mental pain and suffering for the lost of love, companionship, and protection, provided by her mother Amira Ivelisse Torres, both past and future; permanent injury and disability; and medical and psychological expenses, both past and future, and medical costs and funeral services for Amira Ivelisse Torres;

4    That Plaintiff as a minor and sole and only heir inherits her mother's Amira Ivelisse Torres' extreme physical, mental, and emotional pain ans suffering that her mother suffered prior her death as a result of the defendant's unconstitutional acts which the plaintiff estimates, and demands from the Defendant's, jointly and severely, in an amount of $5,000,000.00 in punitive damages against the

Defendants;

5.    Perspective net accumulations to the estate and loss of income;

Page -12-

6. That Plaintiffs be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988 (b) and (c).

7. That the Plaintiffs receive any other further and general relief to which it may appear they are entitled.

8. A jury for the trial of this matter.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico this the 19th day of May 2012..

                                          **/s/ Ramon M. Gonzalez**
                                          RAMÓN M. GONZALEZ, ESQUIRE
                                          P.O. Box 19543
                                          San Juan, Puerto Rico 00919-5493
                                          Tel: 787-593-8281
                                          e-mail: rmgonzalezesq@gmail.com