IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MANUEL AMILL CORREA-FIGUEROA, <u>et al.</u>,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**HECTOR PESQUERA, <u>et al.</u>,**<br><br>**Defendants.** | **CIVIL NO. 12-1149 (PAD)** |

### OMNIBUS OPINION AND ORDER

Plaintiffs claim damages resulting from a botched sting operation carried out by the Puerto Rico Police Department. Before the Court are (1) co-defendants Ricardo de Jesús-Martínez and Domingo Ortíz-Rodríguez' "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)" – Docket No. 61 – which Osvaldo Morales-Santiago joined at Docket No. 63; and (2) co-defendants Wilfredo Ramírez-Rosario, Angel Guilfú-Campos, Bill Fernández-Aponte, Jesús Herrera-Gómez, José Arroyo-Báez, Osvaldo Morales-Santiago, and Luis Rivera-Irizarry's "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)" – Docket No. 62. Juan Santana-Rodriguez joined their request at Docket No. 64. Plaintiffs filed an omnibus opposition at Docket No. 71. For the reasons explained below, the motions are GRANTED IN PART AND DENIED IN PART.

### I.   BACKGROUND

On March 3, 2011, Amira Ivelisse Torres (the "decedent") received a call from an unidentified Puerto Rico police officer to coordinate the arrest of her fiancé Juan C. López-Fontanez, a fugitive sought by state authorities. The decedent assented to lure the fugitive down

Case 3:12-cv-01149-PAD   Document 95   Filed 09/29/14   Page 2 of 10

Correa-Figueroa v. Pesquera, et al.
Civil No. 12-1149 (PAD)
Omnibus Opinion and Order
Page 2

a state road in Maunabo, wherein the police had set up a roadblock to apprehend him. As the couple approached the blockade, the fugitive became aware of the operation and decided to flee the scene in his vehicle, at which point police officers from the Puerto Rico Police Department ("PRPD") fired their weapons, fatally injuring the decedent while the fugitive managed to escape (Docket No. 49).

Thereafter, the estate of the decedent comprised of her minor child Aminellis Camille Correa-Torres and represented by the minor's father Manuel Arill Correa-Figueroa, filed the instant action under 42 U.S.C. § 1983 against the PRPD, individual officers Wilfredo Ramírez-Rosario, Angel Guilfú-Campos, Bill Fernández-Aponte, Jesús Herrera-Gómez, José Arroyo-Báez, Osvaldo Morales-Santiago, and Luis Rivera-Irizarry, as well as Ricardo de Jesús-Martínez and Domingo Ortíz-Rodríguez in supervisory capacity. Id. The second amended complaint alleges violations to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and of state law. Id. Defendants contend plaintiffs' claims should be dismissed under Fed.R.Civ.P. 12(b)(6).

## II.  STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for failure to state a claim upon which relief could be granted. To survive a motion under this rule, a complaint must plead a plausible entitlement to relief. Rodríguez-Vives v. Puerto Rico Firefighters Corps., 743 F.3d 278, 283 (1st Cir. 2014); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013); Rodríguez-Ortiz v. Margo Caribe, 490 F.3d 92, 95 (1st Cir. 2007).

Plausibility exists when the pleaded facts allow the court to reasonably infer that the defendant is liable for the misconduct alleged. Morales-Cruz v. Univ. of P.R., 676 F. 3d 221, 224 (1st Cir. 2012); Sepúlveda-Villarini v. Dept. of Educ. of P.R., 628 F. 3d 25, 30 (1st Cir. 2010). Its

Case 3:12-cv-01149-PAD   Document 95   Filed 09/29/14   Page 3 of 10

Correa-Figueroa v. Pesquera, et al.
Civil No. 12-1149 (PAD)
Omnibus Opinion and Order
Page 3

evaluation is contextual, calling upon courts to examine the complaint as a whole, and to separate factual allegations (which must be accepted as true) from conclusory allegations (which need not be credited). Garcia-Catalán v. United States, 734 F. 3d 100, 103 (1st Cir. 2013); Morales-Cruz, 676 F. 3d at 224. To prevent dismissal, the factual content of the allegations must support more than a sheer possibility that a defendant has acted unlawfully. Garcia-Catalán, 734 F. 3d at 103.

### III. DISCUSSION

**A. Lack of Standing**

Defendants maintain plaintiffs' claims under Section 1983 should be dismissed because such claims may only be brought by the person whose civil rights are violated, not by that person's relatives (Docket No. 62 at pp. 13-14). Ordinarily, surviving family members cannot recover under Section 1983 for damages resulting from the victim's passing unless the constitutional violation was aimed at the familial relationship. Robles-Vázquez v. García, 110 F.3d 204, 206 n. 4 (1st Cir.1997). But Puerto Rico law permits heirs to bring a section 1983 action in a representative capacity when there is a showing that the deceased suffered prior to her death. González-Rodríguez v. Alvarado, 134 F.Supp.2d 451, 454 (D.P.R. 2001) (citing Vda. de Delgado v. Boston Insurance, 101 D.P.R 598 (1973)); Ramírez-Lluveras v. Pagán-Cruz, 833 F.Supp.2d 151 (D.P.R. 2011).

To that end, Article 893 of the Puerto Rico Civil Code, provides in part that a succession pertains, in the first place, to the descending direct line. P.R. Laws Ann. tit. 31 § 2641. According to the second amended complaint, this case was brought by the estate of the decedent, comprised of her minor child Aminellis Camille Correa-Torres, represented by the minor's father Manuel Arill Correa-Figueroa. The pleadings plausibly assert that the decedent suffered prior to her death.

Case 3:12-cv-01149-PAD   Document 95   Filed 09/29/14   Page 4 of 10

Correa-Figueroa v. Pesquera, et al.
Civil No. 12-1149 (PAD)
Omnibus Opinion and Order
Page 4

To the extent that Aminellis Camille Correa-Torres is the legal heir pursuant to Puerto Rico law, she has standing to bring the present action. As such, the defendants' request must be denied.

**B. Conspiracy**

Plaintiffs claim defendants acted in concert to deprive the decedent of her constitutional rights (Docket No. 49 at ¶ 21). As commonly defined, a civil rights conspiracy is a combination of two or more persons acting in concert to commit an unlawful act the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another. LeBaron v. Spencer, 527 Fed.Appx. 25, 33 (1st Cir. 2013).

In order to make out an actionable conspiracy under Section 1983, a plaintiff has to factually plead a conspiratorial agreement as well as an actual abridgment of some federally-secured right. Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir. 2001). The complaint must state with specificity the facts that, in the plaintiff's mind, show the existence and scope of the alleged conspiracy. See, Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977) and cases cited therein. Conclusory allegations are impuissant to state a claim. Brennan v. Hendrigan, 888 F.2d 189, 195 (1st Cir. 1989).

In the second amended complaint, plaintiffs vaguely imply the existence of a conspiracy. In this connection, they aver that "[e]ach of the defendants, individually, and in concert with the others, acted under color of law in his/their official capacity to deprive Amira Ivellise Torres of her rights…" (Docket No. 49 at ¶ 21). This, by itself, does not pass muster. Plaintiffs failed to include specific facts tending to plausibly show the existence of a conspiracy amongst the defendants. Therefore, this claim must be dismissed.

Case 3:12-cv-01149-PAD   Document 95   Filed 09/29/14   Page 5 of 10

Correa-Figueroa v. Pesquera, et al.
Civil No. 12-1149 (PAD)
Omnibus Opinion and Order
Page 5

**C. Fifth Amendment Claims**

Plaintiffs claim defendants deprived the decedent of rights secured by the Fifth Amendment (Docket No. 49 at ¶ 28). The First Circuit Court has held this Amendment applies only to actions of the federal government – not to those of state or local governments. Martínez-Rivera v. Sánchez-Ramos, 498 F.3d 3, 8 (1st Cir. 2007). Since none of the defendants is a federal actor, Fifth Amendment claims must be dismissed.

**D. Fourteenth Amendment Claims**

Plaintiffs claim defendants deprived the decedent of rights secured by the due process clause of the Fourteenth Amendment (Docket No. 49 at ¶ 28). The Supreme Court has held that where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims. Albright v. Oliver, 510 U.S. 266, 273 (1994); McLeod-López v. Algarín, 603 F.Supp.2d 330, 340 (D.P.R. 2009).

For the same reason, claims of excessive force are not cognizable under the Fourteenth Amendment. Instead, they must be evaluated under the parameters of the Fourth Amendment. Estate of Bennett v. Wainwright, 548 F.3d 155, 162-163 (1st Cir. 2008); Graham, 490 U.S. at 394 (holding that "all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach").

Plaintiffs' claims stem from a shootout in which officers from the PRPD fatally shot the decedent. Thus, the instant case is best viewed as one of excessive use of force under the Fourth

Case 3:12-cv-01149-PAD   Document 95   Filed 09/29/14   Page 6 of 10

Correa-Figueroa v. Pesquera, et al.
Civil No. 12-1149 (PAD)
Omnibus Opinion and Order
Page 6

Amendment. What is more, plaintiffs' opposition is devoid of any reason as to why their general Fourteenth Amendment claims should stand considering the textual source of constitutional protection under the Fourth Amendment. In these circumstances, their claims under the substantive due process provisions of the Fourteenth Amendment must be dismissed.

**E. Illegal Search and Seizure, Unlawful Arrest and Detention, and False Imprisonment Claims under the Fourth Amendment**

Plaintiffs claim defendants deprived the decedent of her right to be free from illegal stops, excessive lethal force, and unreasonable seizures under the Fourth Amendment (Docket No. 49, at ¶¶ 18, 33, 37).

The Fourth Amendment proscribes, *inter alia*, "unreasonable searches and seizures." U.S. Const. Amend. IV. A 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed. A 'seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property. U.S. v. Jacobsen, 466 U.S. 109, 113 (1984).

Also shielded by the Fourth Amendment is a person's right to be free from unjustified arrest and detention. See, Camilo-Robles v. Hoyos, 151 F.3d 1, 6 (1st Cir. 1998). To make out a claim of unlawful detention, the plaintiff must sufficiently allege that the detention was not supported by reasonable suspicion. Soto-Torres v. Fraticelli, 654 F.3d 153, 158 (1st Cir. 2011).

Examined in the light most favorable to plaintiffs, the factual pleadings do not suggest that either a search, a seizure, or a detention were carried out by the defendants. They do not assert such occurrences ever took place. Accordingly, claims predicated upon them must be dismissed. That said, plaintiffs' claims of excessive use of force – which defendants did not address – remain.

Case 3:12-cv-01149-PAD   Document 95   Filed 09/29/14   Page 7 of 10

Correa-Figueroa v. Pesquera, et al.
Civil No. 12-1149 (PAD)
Omnibus Opinion and Order
Page 7

**F.  Supervisory Claims under the Fourth Amendment**

Plaintiffs claim de Jesús-Martínez, Ortíz-Rodríguez, and Morales-Santiago are liable for failure to supervise and discipline the other officers included in this action (Docket No. 49 at ¶ 22).

The First Circuit has held that liability under Section 1983 cannot rest solely on a defendant's position of authority. Ocasio-Hernández, 640 F.3d at 16.  Rather, to be liable under Section 1983, each individual state-actor defendant must have personally participated in, encouraged, condoned, or acquiesced in rights-violating conduct. Ayala-Rodríguez v. Rullán, 511 F.3d 232, 236 (1st Cir.2007).

In addition, Section 1983 supervisory liability may not be based on a *respondeat superior* theory. Ramírez-Lluveras v. Rivera-Merced, 759 F.3d 10, 19 (1st Cir. 2014). There must be an affirmative link between the behavior of a subordinate and the action or inaction of the supervisor such that the supervisor's conduct led inexorably to the constitutional violation. Id.  Not just any action or inaction will suffice.  Instead, the plaintiff is required to demonstrate that the supervisor acted with deliberate indifference to his constitutional rights.  This, in turn, requires a showing (1) that the officials had knowledge of facts, from which (2) the officials can draw the inference, (3) that a substantial risk of serious harm exists.  Id.

Turning to the complaint, it is lacking in allegations suggesting that de Jesús-Martínez and Ortíz-Rodríguez had knowledge from which they could draw an inference that a risk of serious harm existed.  Given this lack of foundation, supervisory claims against them must be dismissed.  Such is not the case with regards to Morales-Santiago, as the complaint asserts that he was among the officers that fired their weapons upon the decedent's car (Docket No. 49 at ¶ 17).  On this ground, supervisory claims against Morales-Santiago will remain.

Case 3:12-cv-01149-PAD   Document 95   Filed 09/29/14   Page 8 of 10

Correa-Figueroa v. Pesquera, et al.
Civil No. 12-1149 (PAD)
Omnibus Opinion and Order
Page 8

The plaintiffs also base supervisory liability claims on failure-to-train grounds (Docket No. 49 at ¶ 22). The liability criteria for "failure to train" claims are exceptionally stringent. Hayden v. Grayson, 134 F.3d 449, 456 (1st Cir. 1998). That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability, for the officer's shortcomings may have resulted from factors other than a faulty training program. City of Canton, Ohio v. Harris, 489 U.S. 378, 390-391 (1989). Only if a failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact and is closely related to, or the moving force behind the asserted constitutional injury, can the claim prevail. Hayden, 134 F.3d at 456.

For this deliberate or conscious choice to have been plausibly pled, plaintiffs needed to allege facts sufficient to reasonably infer that the risk of unconstitutional use of lethal force was so obvious that its failure to train the officers involved in the incident would result in violations, or even though the initial risk of constitutional violations was not so obvious, that the defendants subsequently learned of a serious recurrence yet took no action to provide the necessary training. Id.

That indifference is not to be viewed in a vacuum. The particular failure must be causally linked to the misconduct for which the action is brought. Figueroa-Flores v. Acevedo-Vilá, 491 F. Supp. 2d 214, 226 (D.P.R. 2007). The second amended complaint asserted no sufficient factual basis to conclude that the co-defendant supervisors acted within those parameters of liability. Correspondingly, the claim must be dismissed.

**G. Article 1803 of the Civil Code**

Plaintiffs claim defendants are liable to them under Article 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5142 (Docket No. 49 at p. 2). In general, a person is only liable for

Case 3:12-cv-01149-PAD   Document 95   Filed 09/29/14   Page 9 of 10

Correa-Figueroa v. Pesquera, et al.
Civil No. 12-1149 (PAD)
Omnibus Opinion and Order
Page 9

his own acts or omissions. Only when clearly specified in the law, may liability for damages proximately caused by the acts or omissions of others be enforced against that third party. Burgos-Oquendo v. Caribbean Gulf Refining Corp., 741 F.Supp. 330, 332-333 (D.P.R. 1990) (citing Vélez v. Llavina, 18 D.P.R. 656 (1912)).

Article 1803 includes a list of instances which provide for such "third-party liability."[1] That enumeration is limitative; not a mere collection of examples. Torres-Pérez v. Medina-Torres, 113 D.P.R. 72, 76 (1982). None of the instances numbered in the article are present in this case. More on point to this action, the named co-defendants are not employers under Article 1803. Consequently, the claims asserted under Article 1803 must be dismissed.

**H. Supplemental State Law Claims.**

Plaintiffs allege defendants violated Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5141, as well as Article II of the Constitution of Puerto Rico (Docket No. 49 at p. 2). Defendants argue the allegation should be dismissed on account of dismissal of federally based claims (Docket No. 61 at p. 14). Insofar as plaintiffs have plead a plausible claim of excessive use of force and of supervisory liability against co-defendant Morales-Santiago, the defendants' request must be denied.

**IV.   CONCLUSION**

In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** the defendants' motions to dismiss (Docket Nos. 61 and 62) as follows:

---

[1] According to Article 1803, (1) parents are liable for the minor children living with them; (2) guardians are liable for the minors or incapacitated persons who are under their authority and live with them; (3) owners or directors of an establishment or enterprise are liable for their employees in the service of the branches in which the latter are employed or on account of their duties; (4) masters or directors of arts and trades are liable for their pupils or apprentices while under their custody; and (5) the Commonwealth of Puerto Rico is vicariously liable under the same circumstances and conditions as those under which a private citizen would be liable. Supra.

Case 3:12-cv-01149-PAD   Document 95   Filed 09/29/14   Page 10 of 10

Correa-Figueroa v. Pesquera, et al.
Civil No. 12-1149 (PAD)
Omnibus Opinion and Order
Page 10

- Plaintiff's claims under the Fifth Amendment are **DISMISSED WITH PREJUDICE.**

- Plaintiff's claims under the Fourteenth Amendment are **DISMISSED WITH PREJUDICE.**

- Illegal search and seizure, unlawful arrest and detention, and false imprisonment claims under the Fourth Amendment are **DISMISSED WITH PREJUDICE.**

- Civil conspiracy claims under Section 1983 are **DISMISSED WITH PREJUDICE.**

- Supervisory claims against Jesús-Martínez and Domingo Ortíz-Rodríguez are **DISMISSED WITH PREJUDICE.**

- Claims under Article 1803 of Puerto Rico's Civil Code are **DISMISSED WITH PREJUDICE.**

- Claims for excessive use of force under the Fourth Amendment remain.

- Direct supervisory claims for excessive use of force as to Morales-Santiago remain.

- Claims under Article 1802 of Puerto Rico's Civil Code remain.

- Claims under Article II of Puerto Rico's Constitution remain.

**SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of September, 2014.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO HERNANDEZ
U.S. DISTRICT JUDGE